UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

CRISTINA ALVAREZ,

   Plaintiff,

     v.

LG DENTAL GROUP, P.A.

   Defendant,
_____/

# COMPLAINT

The Plaintiff CRISTINA ALVAREZ sues Defendant LG DENTAL GROUP, P.A, and alleges:

## INTRODUCTION

1. This is an action by Plaintiff CRISTINA ALVAREZ, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, to redress injury done to her by the Defendant's retaliatory treatment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

3. The venue of this action is properly placed in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Orange County, Florida.

## PARTIES

4. Plaintiff CRISTINA ALVAREZ ("Alvarez" or "Plaintiff") is a resident of Orange County, Florida, who was employed by Defendant LG DENTAL GROUP, P.A.

5. Defendant LG DENTAL GROUP, P.A ("LG Dental" or "Defendant") is a Florida for profit corporation that provides dental services and is authorized to conduct business in the State of Florida, in Orange County, Florida, and within the jurisdiction of this Court. Defendant is, and at all times relevant was, a business whose activity affected interstate commerce.

## STATEMENT OF FACTS

6. Plaintiff worked for Defendant as a business administrator from April 7, 2022, until her wrongful termination on, or about, April 25, 2022.

7. During her employment Plaintiff's duties included collecting and entering payments, running aging reports, answering phone calls, re-scheduling appointments, presenting patient treatment plans, collecting patient fees, and posting payment to charts, and checking in patients; however, Plaintiff's primary task was to collect past due patient funds.

8. Plaintiff was hired at a rate of $21 per hour and worked 40 hours a week.

9. When Plaintiff started working for Defendant, she was sure to provide all her pertinent information and a voided check, so she could timely receive payment for her work.

10. On, or about April 21, 2022, Plaintiff expected to receive her first paycheck, but did not.

11. Plaintiff asked the person in charge of payroll, the doctor's son, and he stated he was going to find out for her, and to give him a few minutes.

12. Around 4:00 PM Plaintiff approached him again and he repeated the same thing. A few minutes before 5:00 PM he told Plaintiff that everything was taken care of, but she went home without receiving her deposit.

13. On the following day at 8:00 AM, one of Defendant's owners, and practicing dentists, Dr. Luz Guerra asked Plaintiff if she had received her paycheck, and Plaintiff told her she had not.

14. Dr. Guerra replied that she was in a convention and that she would get back to Plaintiff around 2:00 PM.

15. Later that day Dr. Guerra's husband, Jose T. Abud, called the office asking what the situation was and Plaintiff responded that she had not received her paycheck although she had provided all of her information.

16. Mr. Abud stated that he did not know what happened and that, Plaintiff needed to wait until Thursday of the following week.

17. Plaintiff indicated that everyone else got paid and her bills could not wait.

18. Mr Abud responded that he was not aware that she had so much of a need for money.

19. Plaintiff stated that nobody works for the love, but because they needed their hard-earned money.

20. Mr. Abud became upset and felt disrespected.  Plaintiff was then directed to speak to another employee to about her paycheck, which she did but she still did not receive her paycheck.

21. The following day, Plaintiff was running late because her daughter was sick.

22. Plaintiff received a message that Mr. Abud wanted her to call him, she left a

message, and he called her back.

23. When he called back, Mr. Abud told Plaintiff to stay home, and insinuated that it was out of place for her to ask for her money.

24. Plaintiff was subsequently paid the money that she was owed but was terminated for asking for her pay.

## COUNT I: FLSA RETALIATION

25. Plaintiff re-adopts each factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." U.S.C.A. § 215 (a)(3).

27. Plaintiff did not receive her pay when she was supposed to, and complained to member of Defendant's management.

28. Following Plaintiff's complaints, she was terminated on, or about April 25, 2022.

29. Defendant is a sophisticated employer who has actual knowledge of the requirements of the FLSA which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

30. The failure of Defendant to adhere to the mandates of the FLSA was willful and their violations of the provisions of the FLSA were willful.

31. Defendant through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

32. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

33. Any alleged nonretaliatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's participation in protected activity.

34. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights to engage in protected activity.

35. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

36. As a result of the retaliation, Plaintiff has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

37. Defendant's acts were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a) Enter judgment in Plaintiff's favor and against Defendant for their violations of the FLSA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff an equal amount in double damages/liquidated damages;

d) Award Plaintiff compensatory damages under for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

e) Award Plaintiff prejudgment interest on his damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: October 7, 2022.

> Respectfully submitted,
> **s/Brandon J. Gibson**
> Brandon J. Gibson (FBN: 0099411)
> E-mail: bgibson@rtrlaw.com
> REIFKIND, THOMPSON, & RUDZINSKI, LLP
> 3333 W. Commercial Blvd, Ste. 200
> Ft. Lauderdale, Florida 33309
> Telephone: (954) 370-5152
> Facsimile: (954) 370-1992
> *Counsel for Plaintiff*